The Appellate Court's 6th Division is now in session. The Honorable Justice Gary L. Mikla is presiding. Please have a seat. What did you call the first case? Case number 1-218-53. Good afternoon. With the lawyers who are going to argue that case, it looks like there's just one of you on each side. Beginning with the appellate, tell us your name and tell us if you'd like to reserve any time for rebuttal. Anne McClennan. Can I spell that? Please. N-C-L-E-M-N-A-N. Anne, yes, I'd like to reserve five minutes. Okay. Counsel? Good afternoon, Your Honor. I'd like to vote M-O-T-Z. All right. Ms. McClennan, whenever you are ready. Good afternoon. May it please the Court, as I mentioned, my name is Anne McClennan and I represent the appellant, Jimmy Cichoki. Jimmy Cichoki pleaded guilty to attempt child abduction of his child, E.C., and his guilty plea was based on a void order because the court lacked subject matter jurisdiction when it entered that order. Today, I'd like to briefly discuss the facts of the case, then discuss why the court didn't have jurisdiction, and then why the resulting conviction was void. I apologize, but can you please just move past that issue and get to what I believe the more important issues are? So you would not like to hear about the void issue? No. Okay. I guess I just have one question before I move on. Are you focused on that because you think that gets you around any timeliness issue? Well, I'm focused on that because I thought it was the most important issue, and it does. It would get you around any timeliness far to the petition. I'm sorry, what? It would get you around any timeliness far to the petition. It would get around any timeliness far. Okay. And it would... As far as the corporal negligence and the constitutional issues, those also can get you where you want to go. All right. Well, let's turn to those other issues. So, turning to the ineffective assistance of trial counsel issue, I'm pivoting here, so you'll just wait one moment. So, this is the third issue. So, Mr. Sataki argued in his post-conviction petition that he received ineffective assistance of counsel, where his trial counsel advised him to plead guilty to an offense which the state really couldn't prove beyond a reasonable doubt, and his trial counsel told him that he should plead guilty because they could just withdraw the plea within 30 days. So, it was sort of like, in his mind, because of what counsel told him, it was sort of a formality to eventually just withdraw the plea. And wasn't there evidence also that he was told, this is the only way you're going to see your child, you have to do this, or... Yes, this is what trial counsel told him. He was... It was also the only way to get the ankle bracelet removed. I'm sorry, I couldn't hear that. It was also the only way to get the ankle bracelet removed. Yes, the ankle bracelet was impeding him from finding meaningful work. It was really bothering him. There is some evidence perhaps he's neurodivergent, and he was wanting to get on with his life, work, support his child, and have custody of his child. So, making you pivot rights again, we can't get to that issue, correct, unless we find that he was not culpably negligent. Right, and I'd love to discuss that, because the thing here is, this is not your average lack of culpable negligence argument. So, here we have a person, he was under tremendous pressure, he was trying to work on getting the custody of his child. He had sought help from his trial lawyer, he sought help from the public defender, he wasn't getting any traction. He was given the wrong admonishment, so he really didn't know how to withdraw his plea himself. But, what I think really differentiates this from another case, is that he was subject to this war, this People v. War deadline from the Illinois Supreme Court. So, the Post-Conviction Petition Act does not address a time limit, specifically in this case, where there is a guilty plea in a misdemeanor case. So, the Illinois Supreme Court has then created this deadline where within four months of a misdemeanor guilty plea, you have to file your post-conviction petition. And within six months of a conviction, not a guilty plea, but a misdemeanor, you have to file your post-conviction petition. So, here he was, he was in the deadline, under the deadline, under the Post-Conviction Hearing Act, but he was not within the war deadline. You're saying because his probation had not ended, or he had one day left on probation, it would be timely if the act itself applied, but now he's instead under the war deadline, and it's all a little unclear. Well, I don't know if it's unclear in terms of the culpable negligence argument, because I think we can firmly say that he did not act recklessly. When you're looking at was the person just ignoring deadlines, what was this person doing? He was trying to get custody of his child, he was admonished wrong, he had all these things up against him, including the war deadline, that your average defendant wasn't facing. Well, he also didn't get any help from his own counsel, so he had to hire private counsel to even get the petition on file. That's correct, and it was new counsel, so that obviously takes time after his other counsel wasn't responding, the new lawyer has to get up to speed. So he has this new counsel, who then also touching on the second argument, this new counsel does bring forth the void conviction argument, brings forth the ineffective assistance of counsel argument, but does not argue that his admonishments do not comply. So can I pick up on that point? Sure, please. Ms. McClellan, so your argument, and tell me if I'm misstating it, but you indicated a moment ago that your client was not properly admonished by the trial judge. And what I'd like to hear from you is how that interplays with the culpable negligence standard set out in the war, however you pronounce the case. That's where I'd like to help you, or I want you to help educate me on that. So I think it's all related here because it was just all confusing to him. So he wants to withdraw his plea, he doesn't know how to withdraw his pleas, he's affirmatively misled by the trial court about how to withdraw his plea, and he thinks it was an automatic plea. Okay, let's back up. Tell me in what respect the admonishment was inadequate. So it was inadequate because, first of all, it talked about he could appeal his sentence, which wasn't true because it was a negotiated guilty plea. So he had to move, he could only move to withdraw his plea. It didn't tell him it had to be in writing in the trial court, he had to move to withdraw his plea within 30 days. It didn't tell him that anything not included would be waived. So, I mean, these admonishments were woefully inaccurate. So let's accept that for purposes of argument, that the admonishments were, as you say, woefully inadequate. How do you connect that to a lack of culpable negligence in this case? Because we're not talking about a few days past the four-month deadline, we're talking about, what, many months, over a year after that deadline, correct? Well, I just think that overall, you know, he's misled in every step of the case. You know, what did the admonishments, you know, directly address when he could file a post-conviction petition? No. But it's still telling him to, you know, appeal his sentence within 30 days, which is affirmatively... The admonishment, was the judge required to tell him when he could file his post-conviction petition? No, no. The judge was not required to address when he could file his post-conviction petition. But it just has to do with when he was seeking counsel, how fast he had to do everything, and the overall picture. Whether it's, you know, those admonishments are directly related, 605C admonishments or not, directly related to when you have to file a post-conviction petition. So your argument is that because the trial judge did not tell him, or admonish him, that he had to file a motion to vacate his guilty plea, that four-month period should, what, be told, or... Well, okay, so because he wasn't... It's all connected. Because he wasn't told how to vacate his plea, he didn't vacate his plea. And then because he wasn't culpably negligent, then he filed his post-conviction petition late. And the post-conviction petition is what would have addressed, it should have addressed, you know, the inadequate... So your argument, in a nutshell, is that your client was not culpably negligent because he was never given the legislatively mandated admonishment that he was required to file a motion to vacate his withdrawal plea before he could appeal. I don't think I'm connecting them that closely. I think the argument is he was not admonished correctly. So, you know, the reasonable counsel would have included that in his post-conviction petition. And you should examine his petition, even though it was late, because he was not culpably negligent given this, you know, uncommon, you know, probably more obscure deadline, and because he, you know, has other things he was focused on. It was a different situation than your average culpable negligence argument. Are you arguing that he received unreasonable assistance of post-conviction counsel because the petition did not include the admonishments from the trial judge? Right. Correct. That's part of your claim. That's part of it. The one claim is that he received unreasonable assistance of post-conviction counsel because she did not include the admonishment argument in the post-conviction petition. And the lack of culpable negligence comes in because the petition was not timely. And then the second argument is that his counsel was ineffective. His trial counsel provided ineffective assistance of counsel because she, you know, told him to plead guilty when the state couldn't prove it. He had acknowledged paternity. She told him he could withdraw his plea within 30 days. She said she would assist him in withdrawing his plea, and then he was just sort of left with his conviction and not knowing what to do. So it was sort of everybody failed him here. Why is it that the state could not prove the charge of attempted child abduction? Why did the state not prove it? No, you say the state could not prove it. Right, right. You need to explain to me why. Okay, so the reason was the charge, if I could just pull that up, is that basically the charge said that he had not established paternity, which he had. We have in the record an acknowledgment of paternity. It's signed by the mother. It's signed by him. It's witnessed. In an earlier proceeding, he had actually told the judge that he was pro se at that point, but he had told the judge he acknowledged paternity. He was on the birth certificate. So the charging document in that section of the statute says that it's section 10-5B3A. It specifically says that the person, that paternity of the child has not been legally established, and he had established paternity. And it was based on the... So are you saying that a parent can never be charged with attempted child abduction? I'm not saying that, but in this case, there was a protective order in place granting him custody of the child, and then the court is entering this order to turn the child over to the grandmother, who has no claim, she's not a party to anything. And then he's charged with attempted child abduction based on this order to turn the child over to the grandmother, where the court didn't have jurisdiction, but we don't have to go into it. And that he couldn't show them that he had established paternity at that point. So you're saying that that's a valid defense of this charge? Absolutely, yes. I think if his lawyer had brought that up, yes, it was absolutely a valid defense. Okay, I want to walk you through something, or walk with you through something as well, just as Taylor did. I want to come to your second argument, which is the unreasonable assistance of the Post-Conviction Counsel. Yes. And in your second argument, what you're asking us to do is to send this back for a new second stage proceeding. Is that correct? Right. Tell us how we get there. Tell us what it is, just sort of walk us through, how do we get there? What do you believe we need to find in order to get you back before a trial judge to deal with that issue, such that the petition can be amended to include the issue of the improper admonishments? So just walk us through it, please. So you just find that Post-Conviction Counsel was unreasonable, it was private counsel, but they're still held to the standard of being unreasonable. That Post-Conviction Counsel, we've rebutted Post-Conviction Counsel's 651C certificate that she examined the record and raised the appropriate issues, and I'm misquoting 651C here, but it's in the brief. And then you can cite to some of the unreasonable assistance cases in the brief. There are, on page 19 and 20, there's Johnson and Cotto and Owens, and find that Post-Conviction Counsel was unreasonable to bring forth this petition where this man wanted to withdraw his plea. There was a way to show that he was not appropriately admonished, and this should have been added to the petition, so it gets remanded to the trial court to amend the petition. And how does timeliness play into that? So you would have to find that he lacked culpable negligence, which I don't think is a difficult thing to find that he wasn't reckless in this situation, given all the points, I won't belabor them again, that I've gone over this unusual war deadline, all the things going on in terms of custody. You find that he showed that he was not culpably negligent, and that the... Wait, doesn't that become the issue when it comes back? If it comes back after the petition is amended, whether or not we can get to the merits of the petition? If he had unreasonable assistance, it seems to me that we don't have to find a lack of culpable negligence to remand for unreasonable assistance. But if I'm wrong, tell me why I'm wrong. Well, if you feel you don't have to. It just seems to me that that's... We're saying this petition isn't sufficient, amend it. And I guess another way it could be amended would be to beef up the culpable negligence. Absolutely. And culpable negligence is something we have to consider before we get to the merits of the petition. But you're saying, no, this petition is not sufficient yet. Go back, do it again, and then consider the merits. Well, the hope would be if it's remanded, it's then amended, the admonishments issue is added, maybe they beef up the culpable negligence argument, as you say, then it can go to an evidentiary hearing at that point, and they can show culpable negligence. You are limited in second stage to what is in the petition is taken as true, but then when you get to the third stage, that's when you can show the culpable negligence at the evidentiary hearing. Or you would show, the defendant would show a lack of culpable negligence. Right, right, right, exactly, yes, yes. Okay. And so why don't you do the same thing with your third argument? Do the same thing in terms of... In terms of what you believe that we need to do. Oh, like what you need to do. Okay, well, the third argument, that would be actually remanding for third stage evidentiary hearing. So you would find that he's made a... that Mr. Cichocki has made a substantial showing that his trial counsel provided ineffective assistance of counsel, and then it would be remanded for a third stage evidentiary hearing. You know, often the trial counsel will testify at that hearing. Mr. Cichocki could testify about, you know, his lack of culpable negligence, and that would be the relief in that. Is that what you're getting at? Yeah. Okay. So picking up on a point that Presiding Justice Mikva just made regarding ineffective assistance of counsel, is it your argument that because post-conviction counsel was ineffective in raising the issue of the admonishments, that that will get you around the where deadline because you will then be able to show that your client was not culpably negligent? Is that the argument? I don't think the culpable negligence argument turns on whether post-conviction counsel was unreasonable. I guess you could say if you thought, yeah, I don't think that it turns on it. I think because you can show... So how then does the ineffective assistance of counsel argument get around the where deadline, war deadline? I think it's the same lack of culpable negligence argument. So he filed this post-conviction petition. It was late. On this issue, the ineffective assistance of trial counsel, I'm not saying that counsel acted unreasonably with regard to that issue. So the argument is the same lack of culpable negligence argument that we've gone over. But you're actually arguing, though, that the culpable negligence is more related to the lack of admonishments. I think... That's really where you're getting there, isn't it? It's related to the timeliness of the petition. So you can independently find relief for the unreasonable assistance argument. You can find relief under the third argument where counsel was ineffective. But doesn't it still all come back to the fact that the trial judge never properly advised him on how he needed to proceed, which the trial judge is required to do? It's certainly related and overarching for everything. But the timeliness argument, I think, has to be addressed for each issue. You're out of time, unless there's more questions. Do you have more questions? All right. Thank you. You still have five minutes for rebuttal. Thank you. I appreciate it. Good afternoon, Your Honors. Assistant State's Attorney Adam Motes for the people. Your Honors, the circuit court in this case possessed subject matter jurisdiction to enter the order that petitioner now challenges. Based on petitioner's arguments, it sounds like the court is not particularly interested in the jurisdictional arguments. However, the people maintain that this court should find that the circuit court did possess subject matter jurisdiction, as there were justiciable issues before the court that it had the power to hear under its jurisdictional authority, which is conferred by the Illinois state constitution. With respect to petitioner's arguments related to his post-conviction petition, this court should find, as the circuit court did, that petitioner's post-conviction petition is time-barred under the time requirements set forth in the Supreme Court's decision in People v. War. Why did you lead with that argument in your brief? I'm not sure, Your Honor. We followed the order of arguments that the petitioner set forth. It doesn't necessarily mean that any one argument in the brief... It's sort of a threshold issue, though, isn't it? Well, that is a threshold issue, but subject matter jurisdiction also would be a threshold issue to the extent this court found that it was lacking. So you would agree that if we found it was lacking, that wouldn't be time-barred? If we found subject matter jurisdiction was lacking, that claim would not be time-barred under where... And there would not need to be any showing of a lack of culpable negligence? A lack of subject matter jurisdiction would lead us into an entirely different territory. However, the arguments... Because it's a void judgment, and it could be vacated at any time, if we agreed with that. Correct, Your Honor, but this court should not agree with that because the petition for order of protection clearly set forth the issues... Well, we're not going to talk about that. We didn't let her talk about that, so we're not going to let you talk about that. But we will let you talk about culpable negligence, which is supposed to be very liberally construed. And this guy had a lot going on, and we have a very confusing... Between where and the Post-Conviction Act, a very confusing time limitation, and a guy who has a lot going on. So where's the culpable negligence, which is supposed to be recklessness? Where is he being reckless? Well, I would respectfully disagree that it was unclear. The deadline in People v. War is very clear. Misdemeanor defendants that plead guilty have a four-month limitation period within which to file their post-conviction petition. This deadline was extended to misdemeanor defendants by the Supreme Court because the Post-Conviction Hearing Act on its face does not allow for misdemeanor defendants to seek relief under that act. So this was a grace afforded by the Supreme Court in People v. War, and it very clearly set forth a four-month time limitation. Now, at the same time, there is an exception available if a petitioner can show that he was not culpably negligent in failing to file within that limitations period. The defendant here has failed to make that showing. Why? That's my line. Why? Yes, Your Honor. The only excuse that the defendant offers for the reason that he did not file his petition within the limitations period is that he was focused on another case and therefore disregarding this case. That is not anything that this Court should find as a basis to find that he was not culpably negligent. He has not identified any objective factor outside of his control that prevented him from filing within the limitations period. And as the Supreme Court has stated, culpable negligence involves a disregard of the consequences likely to flow from one's actions. This petitioner is charged with a presumption that he has knowledge of the legal requirements involved in his case. Our Supreme Court has also explained that... Okay, he said a little more than you said. I focused all my attention and limited funds on correcting my family's situation. So he clearly is still trying to get his daughter back and to get custody established and to work out things with the daughter's mother, right? That, I mean, he didn't just say, I did something else instead. That's not what he said. Well, Your Honor, he did say that he was focused on another case and therefore neglected this case. He also discussed that he tried to reach out to his trial counsel several times and there was no response. That still did not prevent him from filing a post-conviction petition within the four-month period. The Supreme Court has stated that in considering whether a defendant was culpably negligent, a delay of consideration is not only based on when the claim was discovered but on how promptly the defendant took action after the discovery. So in this case... So when was the discovery in your mind? He knew he had a claim, but the discovery is not a question of discovering the claim. He knew he had a claim. What he probably didn't know is what the deadline was, but he knew he had a claim. But he was charged with knowing the deadline. I understand, but then he has to be reckless about not meeting. Yes, and rather than filing within the four-month period or even within a day or two after that, he waited 19 months, a full year and a half, to file that claim. And the court stated that a petitioner who prolongs a filing has more explaining to do than one who is late by less than a week. That's to know, though, for us, right? We don't have to listen to what the trial court said. We can look at the same papers and say, yeah, it looks good to us. Correct? Yes, Your Honor. Well, and part of that is the improper admonishment that he received from the trial court, and part of it is the bad information that he received from his trial counsel. So he was confused all the way around. He thought he had forever to go in and do what he needed to do because the judge didn't properly admonish him, and his counsel didn't tell him that he had to withdraw his plea within 30 days. Counsel told him, don't worry about it. You can withdraw your guilty plea, which that's not even true. It's not even true that you can necessarily withdraw it within 30 days. So he just received bad information from his counsel, bad information from the trial court judge, and he's just trying to figure it out. In the meantime, he's being charged with kidnapping, child abduction of his own child, and he had custody of that child at that moment, and he was actually charged with kidnapping. He didn't know he no longer had custody of the child. So, Your Honor, with respect to the circuit court's admonishments, the circuit court was not required to advise this defendant as to any time limit with respect to filing his post-conviction petition. The 605C admonishments relate to the time in which he has to file an appeal and the process. Of course we know that. Yes, Your Honor. I just knew that that was a point largely raised in Petitioner's argument, but the circuit court's admonishments do not relate to... You're saying you're repeating yourself. My apologies, Your Honor. The circuit court did substantially advise the defendant of his rights to appeal. It advised him that some action on his part was necessary within 30 days in order to appeal. Petitioner, by his own admission in his sworn affidavit and in his post-conviction filing, states that he tried to contact his attorney within 30 days to get her to take action to vacate his conviction. So Petitioner admits that he was aware there was a 30-day requirement, which rebuts his claim that he was prejudiced by any purportedly inadequate admonishments by the circuit court. Just because he now has a lawyer and the lawyer is saying that he's been trying, he even tried 30 days, within the 30 days to get help with this, he tried after 30 days to get help with this, well, that's just what the lawyer put in the petition. But that doesn't necessarily mean that you're equating that to that he knew all the time, despite the admonishments, and that's just not necessarily the case. Well, he said that's the case, Your Honor. In his affidavit, he stated that he asked his attorney to take steps... So he didn't say that he knew this is what he needed to do. He just was simply trying to do whatever he could do to get to the next point and to get a petition on file. But he did state the 30-day requirement to take action, and our Supreme Court has stated that if a defendant is put on notice that some action on his part is required within 30 days, that informs the analysis... The trial judge didn't tell him that, though, right? The trial judge did tell him that, Your Honor. He told him that he had 30 days to appeal, told him that he had to file a written motion before any appeal was taken, that anything not contained in that motion was waived. The petitioner argues that because the circuit courts didn't specifically tell him that he had to move to vacate his guilty plea, that that rendered the admonishments inadequate. However... Well, it does. It does, because he can't do any of that until he first files a motion with the trial court asking to vacate his plea, which, again, the trial court does not have to do, even if it's within the 30 days. But that is where the analysis that the Supreme Court mentioned in Dominguez comes into play, because Petitioner admitted that he knew some action on his part was necessary within 30 days, and that informs the analysis in determining whether the admonishments were adequate or not. With respect to the third point, which is whether Petitioner's plea counsel's assistance was ineffective, again, it's a time barred under war. However, on the merits, the argument fails because Petitioner failed to make a substantial showing that his counsel's advice was objectively unreasonable or that he was prejudiced. It was not unreasonable for his counsel to advise him that it was good to plead guilty in this case. He was originally facing felony kidnapping and child abduction charges, which, as a result of this negotiated plea... Well, counsel argues that he would have had a defense to those charges. That's what appellate counsel is now arguing there. And because trial counsel apparently didn't understand that having he, and the charges didn't know this either, by the way, that he had already signed a paternity agreement, so it was clear that he was the father of the child. Not only that the judge had already given him custody of the child, temporary be it or not, but he had custody, and he had custody at the time that the warrant was issued for him to return the child. And when the guardian ad litem who was in the courtroom comes back, the guardian ad litem had not even spoken with him. The guardian ad litem had spoken with someone in her office who had allegedly spoken with him, who he told that he was on his way out of town with the child, but that was double hearsay. Well, Your Honor, the temporary order, the emergency order of protection granting defendant temporary custody of the minor child was not in effect at the time the court issued its order requiring him to return the child to the state of Illinois. Further, with respect to Your Honor's contention that his signature on the voluntary acknowledgement of paternity may have been a defense to the charge, there is no sufficiency of the evidence argument pending before the court, and even if there were, defendant's paternity does not necessarily include charges. I'm glad that you do. You agree that that may have been a defense to the charge. Counsel didn't know that apparently. The counsel who told him to plead guilty? So maybe that's where we are. Maybe we're really at argument three here. Your Honor, I do not agree that that's the case here, because even if a parent is a legitimate parent of a child, that does not preclude child abduction charges, because, and this was not briefed in our briefs here, but we're happy to submit something. But this case is different from what you're speaking to. This is a situation where we have someone who has, not only is the parent of the child, but a court with, you believe, has jurisdiction, has given him custody of the child, and then when that order changes, he's not present in court, and the reason why he was not present in court? The judge told him to leave. Is that not correct? The judge told him to leave as they conducted the 402 conference with the defendant and her counsel. That did not necessarily mean the defendant was excused from the entire proceedings. But he wasn't even required to be there that day. Even if that were the case, Your Honor, the defendant... But is that a correct statement? He was not required to be there. He showed up on his own. And then the judge told him to leave, so he left. Yes, and even if he left, he was still responsible for knowing the happenings in his case from the start to the end, as any party to a case is. It's presumed that he was aware of what's going on and that he's charged with that knowledge. Yeah, you can presume that, but I think people need to get notice of things, too, especially if they're being charged with a crime of kidnapping, child abduction, and there's been no... We don't even really know if he ever received notice that he was supposed to bring the child back. That's not clear from the record, and I don't think you can say that that's clear in the record either. Whether he received specific notice of that court order is not directly stated in the record. It's not, and that's what due process is all about, right? Notice and a right to be heard. But Petitioner is responsible for knowing what's going on in his case, and here Petitioner left the state of Illinois with the minor child, was ordered by the court to return the minor child to the jurisdiction and did not, and then after being arrested and returning and seeing the order, he voluntarily and knowingly pled guilty to a reduced charge of misdemeanor child abduction. Right, you go back into that issue that we just discussed, though. He voluntarily pled guilty with this attorney who didn't even know that he had a defense, which you even just said that that's probably a defense as well. Even if paternity of the child had been established, Petitioner could still have been charged with attempt child abduction. You keep forgetting the major part. He had been given custody of the child. He had been given temporary legal custody as a result of the emergency order of protection, which was no longer in effect. I do want to ask about that. Were you done? Yeah, I'm done. So you indicated earlier that when the trial judge ordered him to return the child, the temporary order was no longer in effect. Had that temporary order, custody order, lapsed by its own terms? In other words, was it time limited? Or is your argument that when the trial judge ordered him to return a child, that effectively vacated the temporary order? Yes, Your Honor. The latter? Correct. And the court stated that it was a modification, that the temporary order of protection that was ultimately entered operated to modify the emergency order of protection that had previously been entered. So now I do want to pick up on our argument that we've talked about, which is the attempt child abduction charge. Ms. McClellan said that defendant's acknowledgement of paternity, in this case, would have been a defense to that charge. You say it isn't. I know this is not briefed by the parties, but explain to me why it wouldn't be. Well, it's more so to say that establishment of paternity does not preclude child abduction charges where that parent is not the exclusive sole custody parent of that child. It has to do with concealing the child from the child's other parent without that parent's consent. Again, this issue is not fully- But the charging document in this case said that he was not the father. Is that correct? That his paternity had not been legally established. Okay. So the charging document under which he was charged, this would have negated an element of what was alleged in that document. Perhaps. But that voluntary acknowledgement of paternity, it's not shown in the record that that was ever presented to the court. And, in fact, the defendant pleaded guilty to these charges, knowing fully what the charges were, what the indictment says. So doesn't that just speak to, you know, cry out loudly that counsel is ineffective? Excuse me? Doesn't that sort of yell from the, you know, from the mountains that counsel is ineffective? Where the charging document alleges or states that, you know, there's no acknowledgement of paternity, and, in fact, the father had acknowledged paternity, that would have been a basis to challenge the charging document, right? Perhaps, Your Honor, but that's not the only consideration that a defendant makes in entering a negotiated plea of guilty. Again, he was facing substantial felony charges here that were reduced, and that would see him serve no time in prison. So it was not unreasonable for him to take a favorable plea deal. I have to take you in one more direction, and you've been very patient with a very hot bench, as they say. Talk a little bit, if you would, about unreasonable assistance of post-conviction counsel and whether you think that's been established here. The people maintain that it has not been established for the reasons previously discussed, that the circuit court's admonishments here under Rule 605C were adequate, and so it was not. So this wasn't a claim that should have even been added, the claim that the admonishments were insufficient. Correct, Your Honor. Under Pendleton, post-conviction counsel is not required to raise frivolous or spurious claims. It's only required to raise petitioner's claims and to mold them into a legal form that's presentable to the court. And wouldn't you say that part of that molding is making a sufficient showing of a lack of culpable negligence? Shouldn't that, on post-conviction counsel, to do, if, in fact, the showing here was insufficient? Well, that would go to the time bar under war. That would not necessarily go to whether the circuit court's admonishments were sufficient. No, I'm saying separate and apart, putting that aside. There's basically, in my view, at least two potential claims that post-conviction counsel was unreasonable. One is that they didn't add this claim about the trial court admonishments on the guilty plea, and the second is that arguably counsel didn't make a sufficient showing of a lack of culpable negligence. And isn't that second one something that is absolutely part of the obligation of post-conviction counsel? Well, so that was part of the arguments at the second stage hearing. The people filed a motion to dismiss raising the war time limitation. So that matter was addressed at the second stage. And the circuit court ultimately found that petitioner did not make a sufficient showing that he was not culpably negligent. Okay. Thank you. So people respectfully request this court affirm the second stage dismissal of petitioner's petition. Any questions? If there are no other questions. Thank you, counsel. Thank you, Your Honors. I just have a few brief points. First of all, the state gives too much credit to the court's admonishments. The court says you have 30 days then for today's date to appeal the sentence. Never talks about vacating the plea. So to argue that that was substantial compliance is just ignoring that. He's giving them affirmatively wrong advice. Second of all, in terms of culpable negligence, talking about the deadline of war, war is a case from 1973. And to argue that a petitioner who's not a lawyer, you know, isn't familiar with the legal system should know this deadline from this case from 1973, I don't think you can argue that the petitioner is reckless by not knowing that. And then as far as the culpable negligence, I think there was a showing made here. You know, the state discussed how he only argued that he was just focused on another case. I think there was more than that. He talked about, you know, trying to get custody of his child. His child had been ordered to the maternal grandmother's house who was by the court. The grandmother was trying to take the child to China. He was trying to keep the passport away from the maternal grandmother. He had limited funds, so he was trying to talk to the public defender who wasn't helping him. And culpable, my last point is culpable negligence, it's not an impossible standard to meet. There are cases cited in the brief on page 25. There's Risley. There's Wilborn. There's Upshaw. You know, there are instances where clients, where petitioners have shown that they lacked culpable negligence. And I think this situation is absolutely right for finding that he lacked culpable negligence. If there are no other questions. Mr. Motz argues that even if your client had acknowledged paternity, that they could have still proven the charge of child abduction because a parent can abduct a child if it's done without the knowledge of the other parent and et cetera. Okay, so the thing is though, he was charged, the way he was charged and that section of the statute he was charged under talks about, well the actual indictment talks about that he had an established paternity and that it was section B3A of the child abduction statute talks about that specifically A, the paternity of the child has not been legally established. So I'm not saying that a parent cannot kidnap their own child. I'm saying as it was charged here, that's not how it was charged and that's not what you apply guilty to. Are there any other questions? Thank you for your time. Thank you both. This was very well argued and well briefed and we will take this matter under advisement and you will hear from us in due course.